GALVESTON TERM, 1884.

F. W. SCHAEFFER ET AL. v. H. W. BERRY, EXECUTOR, ET AL.[1]

(Case No. 1492.)

1. EVIDENCE — MAPS — STATUTES CONSTRUED.— The deposit of a map in the land office in 1847, though accompanied by an explanatory letter of the surveyor, but without field notes, cannot be regarded as such a compliance with the requirements of a survey and return of field notes to the land office in the confirmation act of February 10, 1852, nor with the provisions of the act of August 15, 1870, nor with those of the constitution on the same subject, as to entitle a claimant under the grant to extend the lines in conformity with such map, where to do so would violate natural boundaries, distance, quantity and configuration as designated in the grant, stamp and amparo.

2. BOUNDARY — POSSESSION.— Where natural boundaries, course, distance, quantity and configuration are all satisfied, the limits of a grant will not be extended merely because of long claim and possessory acts, so as to include a more extensive tract, violating all of these except course.

3. CONSTRUCTION — SURVEY.— That construction is to prevail which is most against the party claiming under an uncertain survey. It is his duty to show and establish his corners.

4. SURVEY — EVIDENCE.— The lines of the survey, as actually marked upon the ground, if they can be found and traced, will control course and distance. But that is where the actual survey can be found and identified as the same called for in the grant. It is not meant that, where the grant calls for certain known and established natural or artificial monuments and boundaries, these may be controlled by parol proof of a survey entirely inconsistent and repugnant to all the calls of the grant. No case has gone to any such extravagant length as that. That would be virtually to destroy the written evidence of title, and substitute parol evidence in its stead.

APPEAL from Nueces. Tried before the Hon. C. S. West, Special Judge, without a jury.

[1] The record in this case did not reach the reporter in time to have the opinion inserted in its proper place in 61 Texas Reports.

This case having been tried in the court below before the Hon. C. S. West, and the Hon. J. W. Stayton having been of counsel, on appeal the same was heard before the chief justice and the Hon. F. Chas. Hume and Hon. Robt. G. Street, special judges.

The facts of the case are sufficiently stated in the opinion.

*Lackey, Stayton & Kleberg, McCampbell & Givens,* and *Welch & Givens,* for appellants.

That the parol evidence was inadmissible, because there was no uncertainty in the grant; that the calls in the Villareal grant, and the description of its boundaries as contained in the grant, and the original map attached thereto, were clear and explicit, and could have been ascertained by the ordinary rules of interpretation; they referred to the fact that the grant and map designate the Cayo del Oso, a natural object well known, as the southern boundary of the Villareal grant, and the depositions of the witnesses Molla and Berry placed the southern boundary of said grant far south of the Cayo del Oso. Citing Muller *v.* Landa, 31 Tex., 265; Jones *v.* Leath, 32 Tex., 329; United States *v.* Hartnell's Ex'rs, 22 How., 289; Davis *v.* Ramsford, 17 Mass., 207, 211; 37 Me., 63; 38 Me., 564; Shipley, 430; 7 N. H., 241; 1 Ired., 283; 18 Iowa, 460; 26 Ill., 415; Tyler's Law of Boundaries, pp. 29, 127, 129, 130, 131, 132, 283, 286, 312.

*Davis & Ruggles,* for appellees.

That the grant, if defective, was perfected by the confirmation act of 1852. Citing Pasch. Dig., arts. 4440–4455, act February 10, 1852; Pasch. Dig., vol. 1, art. 4461, act of legislature, February 8, 1850; Cavazos *v.* Trevino, 35 Tex., 161; 7 Tex., 322; id., 338; 5 Tex., 455; 4 How., 449; 8 How., 345.

That the letter and map of J. Snively, deposited in the land office in 1847, were admissible to show boundaries, they cited: Act of Legislature of December 14, 1837, sec. 40, and February 4, 1840, sec. 1; George *v.* Thomas, 16 Tex., 92; Welder *v.* Carroll, 29 Tex., 317; Welder *v.* Hunt, 34 Tex., 44; Evans *v.* Hurt, 34 Tex., 112.

STREET, SPECIAL JUDGE.— On April 24, 1876, H. W. Berry, as executor of the estate of H. L. Kinney, brought this suit against F. W. Schaeffer, John McClane, E. R. Oliver and Mifflin Kennedy in the statutory form of an action of trespass to try the title to certain lands occupied and claimed by the defendants and alleged to be within the grant of the state of Tamaulipas to Enrique Villareal, commonly known as the Rincon del Oso, made November 16,

1831.   Lucien Birdsey was afterwards admitted on his plea in intervention as co-plaintiff, and the suit was dismissed as to Kennedy.

By amended petition, November 18, 1879, plaintiff and intervenor specially allege their title as assignees under the grantee and his heirs, and plead the statute of limitations of five years, and possession to the limits of the grant for twenty and for forty years.

The defendants pleaded title to particular parts of the tract sued for by the location of land certificates, surveys under them, and return of the field notes to the land office; they distinctly set out the field notes to the parts claimed and disclaim as to the residue; they also pleaded not guilty.

The boundaries of the grant known as the Rincon del Oso, as claimed by the plaintiff and intervenor, are thus set out in the original petition: " Beginning at a point on the bank of the Nueces river about sixteen miles west of Corpus Christi, known as El Refugio, near the chimney of Charles Shaw, where the Barranca Blanco grazing tract approaches said river and where its northeast corner is established; thence south with the east line of said Barranca Blanco grazing tract of land to a pile of rocks in the prairie within about three miles of the Alamo Ranche, situated on the Aqua Dulce Creek; thence east to the Oso lagoon at a point where the lands of the Rincon de Corpus Christi approaches it; thence with the said Oso lagoon, including two islands near its mouth, to Corpus Christi Bay; thence with said Corpus Christi Bay, and Nueces Bay, and Nueces River, with the meanders of said lagoon, bays, and river, to the place of beginning; said tract of land is bounded on the west by the Barranca Blanco grazing tract of land, on the south by the Rincon de Corpus Christi grant and lagoon of the Oso, on the east by the Corpus Christi and Nueces Bays, and on the north by Nueces Bay and Nueces River."

By amendment the point El Refugio is alleged to be situated about eighteen miles from Corpus Christi and at the point known as Paso de las Contrabondistas; the western line of the grant is alleged to be about twelve and a half miles in length, and is further described according to a sectionized division of these lands made by Kinney; and the southwestern boundary, as it is termed in the amendment, is also described according to the sectionized division by Kinney and as running due east until it meets the Oso, thence with the Oso to Kennedy's fence, and otherwise as in the original petition.

The description of the land given in the grant is as follows: " ten leagues of pasture lands for horses and for cattle in the place called the Rincon del Oso;" also "ten sitios embraced in angular bound-

aries and demarkations which are shown on the annexed map;" also "El Refugio and that of the prairie north to south for the west, that of the prairie and that of the Cayo west for the south side, that of the Cayo and the pass south to north for the east, and of the pass and of Refugio for the north side. It adjoins towards the west with the pasture lands of the Barranca Blanco, towards the south with the Cayo of the Oso divisive from the lands of Corpus Christi, and for the other boundaries with the lagoon and the Nueces river."

The note attached to the grant and certified by the surveyor, Antonio Canales, is as follows:

NOTE.— "This piece of land, according to the map, is of irregular form, for the reason that it is bounded by the Laguna Madre and the Cayo del Oso on all sides except the west, but may be reduced to known figures according to the rules of geometry; for instance, the triangle O B G and the rectangle a. d. g. o. The area which both includes is two hundred and twenty-five million square varas, which united to the parts h. i. compose two hundred and fifty million square varas or ten sitios of pasture land for horses and cattle, which is the demarkation of the following boundaries: A, boundary of prairie; B, of Refugio divisive, equally of the Barranca Blanco; G, boundary of the pass of the Cayo del Oso; h, pasture of San Jose; i, pasture grounds of San Enrique; B G, Nueces river; n, Lagoon Caidos; l, another lagoon of salt water; M A, Cayo del Oso; this is divisive for the south side between this pasture piece and that of Corpus Christi. The line B G opposite the right angle O is four hundred and seventy-one cordeles and three varas, (the) square root of the sum of the square of the sides O B and B G, for the reason that the square of the hypothenuse is equal to the sum of the squares of the sides (containing the right angle)."

And the map also accompanying the grant is as follows:

Opinion of the court.

COPY OF MAP ACCOMPANYING GRANT.

In support of the claim of boundary made by the plaintiff and intervenor, they introduced a copy of a map made by Snively, surveyor of the San Patricio and Nueces land district, in 1847, together with his letter accompanying it, both on file in the land office. The map is as follows:

SNIVELY MAP—COPY FROM LAND OFFICE.

In the letter dated December 18, 1847, and addressed to the commissioner of the general land office, he says: "I have run the upper line of the Villareal grant (now the property of Col. Kinney). I could scarcely believe that I was right until the Mexican who assisted in making the first survey pointed out the direction of the corner and described the same so minutely that I could no longer doubt. The corner is made of cement, which will stand for ages to come."

The grant is also delineated on the maps in the offices of the county clerk and county surveyor of Nueces county in substantial conformity with its configuration on the Snively map. There is also evidence of a continuous claim of ownership and of possessory acts under the grant ever since its date.

The grant of the state of Tamaulipas to Romoso de Hinojosa, known as the Rincon de Corpus Christi, made November 16, 1831, with stamp attached, was also introduced by plaintiff and intervenor to show the northern boundary line of that grant and the southern boundary line of the grant under consideration. The plaintiff and intervenor also introduced a witness, Molla, who claimed to have been present when the survey was made by Canales in 1831, in support of the boundaries claimed by them.

John J. Dix, surveyor, called as a witness by both parties, certified that he made an actual survey of the Rincon del Oso in the spring of 1878, on the ground, with no other guide than the grant, the amparo, and accompanying stamp. He says that no one being able to show him actual corners, he went into the Rincon and made this survey to be bounded by Corpus Christi Bay, Callo del Oso, and the Nueces river:

MAP MADE BY DIX FROM ACTUAL SURVEY OF THE GRANT IN QUESTION,
ACCORDING TO DESCRIPTION IN GRANT.

This witness has plotted three trial surveys, each within the natural boundaries of the grant, one to include nine and one-half leagues exclusive of the Rincon and islands, one to include ten leagues exclusive of the Rincon and islands, and one with a base line corresponding in length to that given by Canales in the stamp, four hundred cordels, and to include twelve and two-thirds leagues exclusive of the Rincon and the islands. · He further states that the boundaries claimed by the plaintiff and intervenor embrace twenty-two and seven-eighths leagues, exclusive of Rincon and islands, and that none of the lands sued for are within the survey made by him of twelve and two-thirds leagues.

There is no evidence that the owners of the Villareal title have ever complied with the requirements of a survey and return of field notes to the land office in the confirmation act of February 10, 1852; in the act of August 15, 1870, or with provision of the constitution of the state on the same subject.

There is no clear evidence establishing either the northwestern or the southwestern corners of this survey, or its western or southern lines, as claimed by plaintiff and intervenor. Nor is there any evidence of existence of the water-course marked on the Snively map as coincident with the extension of the south line as claimed. Neither the existence or location of "El Refugio" are clearly fixed, and the limits of Barranca Blanco are left vague and indeterminate. The plaintiff and intervenor have not even by pleading reduced their claim to well defined limits.

The question for our consideration is whether the evidence is competent and sufficient, under the rules of law respecting boundaries, to sustain the judgment of the court below in favor of the plaintiff and intervenor.

There is nothing to take this case out of the operation of the general rules recognized by courts in determining questions of boundary.

The grant and stamp attached call for the Cayo del Oso and the Laguna Madre on all sides except the west, but the right is claimed by plaintiff and intervenor to cross the Cayo and to run some ten miles south of it with the northern boundary line of the Rincon de Corpus Christi, on the ground of recitations in the grant that it adjoins towards the south with the Cayo of the Oso divisive from the lands of Corpus Christi, and, in speaking of the Oso, "this is divisive for the south side between this pasture piece and that of Corpus Christi."

It is a mistake to regard the reference here made to the lands of

Corpus Christi as a call of this survey. The Oso is the line called for; and if it were not divisive of this grant from that of Corpus Christi, the line itself being a well-defined natural object, its further erroneous description would be rejected as immaterial. But, in fact, according to every claim of boundary made in this case, the Oso, for some distance at least from its mouth, is divisive of these two grants.

Natural boundaries, course, distance, quantity and configuration are all satisfied without the inclusion of any of the lands claimed by the defendants, and all of these — except, perhaps, course — are violated by the boundaries claimed by plaintiff and intervenor.

The plaintiff and intervenor assumed the burden of evidence reasonably sufficient to satisfy the mind that the boundaries of the Oso are such as claimed by them. "That construction is to prevail," said the court in Phillips v. Ayres, 45 Tex., 607, "which is most against the party claiming under the uncertain survey. It is his duty to show and establish his corners."

With respect to the effort made in this case to establish lines and corners of an actual survey made by the surveyor Canales at the time of the grant by the testimony of the witness Molla, the language of the court in the case of Anderson v. Stamps, 19 Tex., 460, may be appropriately quoted: "The lines of the survey, as actually marked upon the ground, if they can be found and traced, will control course and distance. But that is where the actual survey can be found and identified as the same called for in the grant. It is not meant that where the grant calls for certain known and established natural or artificial monuments and boundaries, these may be controlled by parol proof of a survey entirely inconsistent and repugnant to all the calls of the grant. No case has gone to any such extravagant length as that. That would be virtually to destroy the written evidence of title, and substitute parol evidence in its stead."

The judgment is reversed, and the court proceeding to render such judgment here as should have been rendered in the court below, it is adjudged that the plaintiff and intervenor take nothing by their suit, and that the defendants recover their costs in this court and in the court below.

REVERSED AND RENDERED.

[Opinion delivered March 28, 1884.]

Associate Justice Stayton not sitting.