Willie, Chief Justice.
The matter in controversy in this case is the location of the division line between two tracts of land, one of forty-three and four-tenths acres, owned by Blassingame, and the other of two hundred and two and six-tenths acres belonging to the appellee. Both these tracts at one time belonged to Mrs. Francis Ann Lacey, and formed one tract of two hundred and forty-six acres. On August 13, 1860, she conveyed the first named tract to Mary H. Arnold, and by mesne conveyances it became the property of Blassingame in 1866. Mrs. Lacey’s deed to Mary Arnold described the land conveyed by metes, bounds and landmarks, and it was satisfactorily shown upon the trial that these lines were actually run, and that the landmarks were made, and were at the proper course and distance from' each other.
In September, 1861, Mrs. Lacey and her husband conveyed, to the person under whom the appellees claim, the remainder of the two hundred and forty-six acre tract, after excepting from the conveyance the portion previously deeded to Mary H. Arnold. In describing the remainder thus conveyed, the southwest corner of the Blassingame land was made the southeast corner of the Davis tract; the western line of the former was made the eastern line of the latter, and the northwest corner of the former the northeast corner of the latter. The description by bearing trees of these common corners was the same in each deed, and- the course and distance of the corner boundary was identical. These corners were identified by persons who had seen some of the bearing trees and the remnants of others, which was the case also with reference to the beginning or southeast corner of the Blassingame survey, and the common or division line between the two tracts was shown to have been marked throughout its entire length, from the southwest to the northwest corner of Blassingame.
It is claimed by the appellees that these facts fix the boundary between them and Blassinsrame at the marked line referred to, *599 and the judgment below is in accordance with their claim. On the other' hand, the appellant contends that the surveyor who originally ran off the forty-three and four-tenths acre tract made a mistake in the beginning comer, commencing the survey eighty varas east of the Lacey tract, and on land belonging to one Nail, instead of at the southeast corner of the tract above mentioned. This was fully established by the evidence; and it was further shoAvn that if he had commenced at the true southeast corner of the Lacey tract, as required by the field notes of his survey, and then run the course and distance of the first line, the southwest corner of Blassingame would have been so located as to place the division line eighty varas west of where it is situated according to well defined artificial objects.
The effect of the surveyor’s mistake was to put the entire forty-three and four-tenths acre survey eighty varas east of where it should have been, and the appellant says the court below should have located it in the proper place. But this would have been to change the boundaries of a survey marked upon the ground twenty-five years before, and at the time when it was first severed from the original two hundred and forty-six acres, of which it had formed a part. The court would have disregarded a cardinal rule in ascertaining the true boundaries of á survey, which requires the footsteps of the surveyor to be followed, and instead thereof have laid out a path which he should have pursued. It would have substituted intention for actual fact, and instead of ascertaining the true location of the survey, would have removed it to where it should have been placed. This would have violated the plainest principles of law, and in the present case, worked great injustice. Here the lines •of the lands bought from Mrs. Lacey by the person under whom Blassingame claims, were defined and fixed by artificial marks and objects long before she sold to George Davis, the ancestor of the appellees. With these well marked objects before his eyes he bought all the balance of the two hundred and forty-six acre tract, and he bought up to them, as appears from the call of his deed. If they were wrong it was not his fault, but in part, at least, the fault of the person who originally bought the forty-three and four-tenths acres from Mrs. Lacey, and under whom Blassingame claims. For this fault the appellees should not suffer and be made to lose a part of their land for the benefit of appellant, whose vendor’s conduct led their ancestors to purchase up to the line claimed by them.
*600 It is not necessary for us to revise the charges below, since, under any correct charge that could have been given, applicable 'to the facts, the jury were bound to find for the appellees, or their verdict would have been set aside. We may add that the-'first and third assignments of error, which relate to the giving’ and refusing of charges, are too general to demand consideration. The second has been, in effect, disposed of in the proceeding part of the opinion. The charge referred to in the-fourth assignment could not have been given under the pleadings and evidence. There was no plea of limitation under which the occupancy of a portion of the disputed territory could have •benefited the appellant. This occupancy of a few yards beyond this marked line does not seem to have arisen from any intention to encroach upon that portion of the land now in dispute. That ¡he had thus encroached, does not seem to have been known to 'himself or to appellees for some years after it occurred, nor until 'a survey of the land showed where its southwest corner was ¡located. Under the circumstances the court could not have, 'charged the jury to take it into consideration without confusing them and authorizing a verdict which it would have been bound to set aside upon motion.
The fifth assignment complains that the judgment is for a strip of land three hundred and twenty-seven and two-thirds yards long and one hundred yards wide, when the evidence showed that, if plaintiff were entitled to receive any land, it was a piece four hundred and eighty and one-half varas long by eighty varas wide. This objection to the judgment was not taken in the motion for a new trial. The verdict was for the plaintiffs generally, which established their claim as against the defendants to all the land sued for. The judgment is for the land as described in the plaintiff’s petition; and, if not in accordance with the evidence, but with the verdict, this fact should have been made the subject of a motion for new trial. (Jacobs v. Hawkins, 63 Texas, 4, and authorities cited.) But, if made the ground of a new trial, it should not have prevailed. The plaintiffs sued for a piece of land one hundred yards wide and three hundred and twenty-seven and two-thirds yards long. The defendant did not disclaim, but pleaded not guilty. This was an admission that he was in possession of all the land sued for. The evidence showed that he was not entitled to any portion of it, and hence the plaintiffs had the right to recover according to the allegations of their *601 petition. As to the length of the tract recovered, the plaintiffs obtained judgment for less than they proved on the trial; of this the appellants should not certainly complain.
Opinion delivered October 14, 1887.
There is no error in the judgment and it is affirmed.

Affirmed,