ANNA S. TAFT ET AL. v. S. C. WARD.

Decided December 15, 1909.

**1.—Boundaries—Intention of Surveyor—Footsteps Must Control.**

When there is a direct and positive conflict between the evident intention and desire of a surveyor, as evidenced by his field notes and maps, and his actual survey and footsteps on the ground as evidenced by marked lines and corneis, the work and footsteps on the ground must control.

**2.—Same—Case Stated.**

The same surveyor at about the same time surveyed a number of square 640-surveys, and designated a certain number of such surveys as block 1, and those remaining, block 2; it was the evident intention of the surveyor as shown by his field notes and plats, that the north and south lines dividing the surveys should be continuous lines through both blocks; it subsequently developed, as shown by the marked lines and corners found upon the ground, that the north and south lines running through block 2 were not continuations or prolongations of such lines in block 1, but that there was an off-set of 380 varas. Held, (1) the outside lines or boundaries of the two blocks must be fixed by the outside lines of the constituent surveys; and (2) the work actually done on the ground, the footsteps of the surveyor, would override the intention of the surveyor and his field notes and plats.

**3.—Same.**

It is only in the absence of other means of identification that known calls in other surveys can be appealed to to locate a tract of land.

Appeal from the District Court of Dimmit County. Tried below before Hon. J. F. Mullally.

*F. Vandervoort* and *Ogden, Brooks and Napier,* for appellants.

*E. A. Moore* and *N. A. Rector,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellants against appellee in the form of trespass to try title, but really is a contest as to the boundary lines between surveys 15, 37, 46 and 54, block 2, Texas & New Orleans Railroad, and survey number 38, not patented, in same block, and survey number 83, not patented, known as A. M. Fore survey. The case was tried by jury and the boundary located as claimed by appellee, and the latter was awarded damages in the sum of twenty-five dollars.

The following plat will assist in arriving at a full understanding of the controversy between the parties:

The controversy is over the location of the boundary lines between surveys 15, 37, 46 and 54 in block 2, owned by appellants, and survey 38 out of the same block, and survey 83, A. M. Fore, a school section, located by virtue of an alternate land certificate, appellants claiming that the boundaries of the inside surveys, which should fix the boundaries between the parties, are where the solid lines appear on the plat, and appellee that they are along the dotted lines, 380 varas to the west of the solid lines. Surveys 36, 46 and 54 lie on the south of 15, and do not appear on the plat. The surveys of blocks 1 and 2 were made by the same surveyor near the same time, and the map or plat of the

surveys made by him show that the lines of the different surveys running from the north to the south are continuous and unbroken lines through the two blocks. Appellants own lots 15, 37, 46, 54, 55, 70, 75 and 78 in block 2, and all the lots to the westward of them, except survey 16, which is State land. Surveys 38 and 83 are school sections, and were awarded appellee on his application to purchase, by the Commissioner of the General Land Office, on December 17, 1907.

The only well-defined and established point in block 1 is the northeast corner of survey 1, at which the original surveyor began to survey the subdivision of that block. The beginning corner of block 2 is established and is the northeast corner of survey 1 in that block, and it calls for an eastern corner of survey 44 in block 1. Survey 2 in block 2 begins at the same corner as does survey 1, designating it as the east corner of survey 44 in block 1. It is tied by its field notes to survey 1.

Surveys 1 to 14 inclusive in block 2 adjoin surveys 44, 43, 34, 33, 24, 23, 14, 13, 12, 3 and 4 in block 1, and the north lines in the first-named surveys correspond, by the calls in the field notes, with the surveys named in block 1, and are tied to them. There is nothing to mark the common line between blocks 1 and 2.

Kuechler, who surveyed the two blocks originally, did not make any starting point for the whole of either, but he began with survey 1 in each block and tied the other surveys in each block to survey 1. In surveying block 2, he began with survey 1 in that block, and tied it to survey 44 in block 1 as he tied all of the surveys in block 2 to the adjoining lots in block 1.

The uncontroverted evidence showed that in 1898 all of the original corners on the south line of the northern tier of surveys numbered 1 to 10 inclusive were found except the common corner of 8 and 9 and the southeast corner of survey 10. Those corners are on the dotted lines on the plat, which are claimed by appellee to be the true location of the lines and corners. Other marked corners of a number of other surveys in block 2 were found on the ground, all tending to carry out the theory of appellee.

From a statement of the facts hereinbefore made, it is apparent that it was the intention of Kuechler, the original surveyor, to run the lines of the surveys in block 1, extending in a northerly and southerly direction, straight through block 2, so as to make the surveys in block 2 conform in course and distance to those in block 1, but that in making the actual survey he did not make them so conform. In other words, there is a direct and positive conflict between the evident intention and desire of the surveyor as expressed in his maps and plats and the calls in the different surveys, and his actual survey and footsteps on the ground as shown by marked corners. It is not questioned that the different subdivisions of block 2 were actually made upon the ground, nor that the marked corners of the different surveys found on the ground were made by the original surveyor. The case made by the evidence was one purely of fact and, therefore, peculiarly one for the decision of a jury.

Appellants have presented their case in the trial court, as well as in this court, on the theory that there were surveys of the two entire

blocks, the lines around the blocks having been run by the surveyor and then subdivisions of the blocks made with reference to the outside lines of the blocks. The theory is not supported by the facts. There were no surveys made of the blocks, except incidental to and arising from making a number of surveys and then designating a certain number of such surveys block 1, and those remaining, block 2. The outside lines of the blocks are fixed by the actual survey of the different tracts composing them. A different case would be presented if the blocks had been laid off and then subdivided.

Any facts tending to show the actual footsteps of the surveyor in making the different subdivisions that compose the respective blocks could be used to ascertain the boundaries of the blocks, which are merely the boundaries of the outside subdivisions, and if no marks can be found designating and fixing the lines of the outside subdivisions they could be fixed by marked corners and footsteps around inside surveys to which they are tied by their field notes.

If footsteps of the surveyor are found and identified, they must control, and all classes of calls must yield to them. As said in Stafford v. King, 30 Texas, 257: "The surveyor may fall into error in making out the field notes, both as to course and distance (the former no more than the latter), and the Commissioner of the General Land Office may fall into a like error by omitting lines and calls, and mistaking and inserting south for north, east for west. And this is the work of the officers themselves, over whom the locator has no control. But when the surveyor points out to the owner rivers, lakes, creeks, marked trees, and lines on the land for the lines and corners of his land, he has the right to rely upon them as the best evidence of his true boundaries, for they are not liable to change and the fluctuations of time, to accident or mistake, like calls for course and distance; and hence the rule that, when course and distance, or either of them, conflict with natural or artificial objects called for, they must yield to such objects. . . . The identification of the actual survey, as made by the surveyor, is the *desideratum* of all these rules. The footsteps of the surveyor must be followed, and the above rules are found to afford the best and most unerring guides to enable one to do so."

Appellants do not deny that a number of marked corners of different surveys of block 2 were found, but it is insisted that the outside lines of the outside surveys on the east of the block should be fixed by the marked corner of survey 1 in block 1, and that it should be used to fix not only the outside lines of block 1, but also of block 2. We see no reason for attaching more dignity to the marked northeast corner of survey 1 in block 1 than to the well-established corners of a number of surveys in block 2, in fixing the boundaries of the latter surveys. While the surveys of the two blocks were made within a few days of each other, they were separate surveys, and the marked corners of the one block can not be used to fix the corners and lines of the other when the latter was an actual survey, and that survey can not be totally disregarded in order to follow lines run from the corner of another survey. The lines of the outside tier of surveys of block 2 are not found on the ground and must be determined from known lines of the surveys either of block 1 or block 2, and where a number of

marked corners are found in block 2, we think, in constructing the outside lines of the block, those corners rather than those of another block or survey in another block should be given the preference. Whatever may have been the intention of the surveyor as to the continuity of the lines through the two blocks, must give way and be subordinate to the actual survey. No extra dignity can be conferred upon the initial corner of the first survey in block 1, nor any undue influence given to the intention of the surveyor when they clash with his actual work upon the ground of block number two. The calls for the corners of adjoining surveys must be rejected when they conflict with the actual work of the surveyor. (Koenigheim v. Miles, 67 Texas, 113.) It is only in the absence of other means of identification that known calls in other surveys can be appealed to to locate a tract of land. (McAninch v. Freeman, 69 Texas, 445; Booker v. Hart, 77 Texas, 146.)

Appellants have no cause to complain of the action of the court in refusing to instruct the jury to return a verdict for appellants. It would have been error to have so done, and the evidence is ample to sustain the finding in favor of appellee.

The charge complained of was the statement of an abstract rule of law, but it could not have injured appellants.

There is no error in the judgment and it is affirmed

*Affirmed.*