SMITH v. RAILROAD EMPLOYÉS DEVELOPMENT CO. (No. 5740.)

(Court of Civil Appeals of Texas. Austin. March 21, 1917. Rehearing Denied May 23, 1917.)

1. APPEAL AND ERROR ⟺1033(9)—PARTIES ENTITLED TO COMPLAIN—INADEQUATE VERDICT.

Defendant cannot complain of a verdict against him, as showing compromise by the jury, on the ground that the undisputed evidence showed plaintiff entitled to twice as much, if entitled to recover anything.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4061.]

2. EVIDENCE ⟺265(2) — ADMISSIONS — SOLVENCY.

Even if the solvency of plaintiff, a joint-stock company, was pertinent to any issue, defendant's testimony to its insolvency was precluded by his admission that the individuals composing the company were solvent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1030.]

Appeal from District Court, Bastrop County; Ed R. Sinks, Judge.

Action by the Railroad Employés Development Company against D. A. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

C. D. Krause, of La Grange, for appellant. Page & Jones, of Bastrop, Duncan & Burleson, of La Grange, S. L. Staples, of Smithville, and Shelton, Phelps & Shelton, of Austin, for appellee.

KEY, C. J. Appellee, an unincorporated joint-stock association, brought this suit against appellant to recover damages for the breach of a contract which obligated appel-

lant for a specified consideration and upon certain conditions to drill a well upon land belonging to appellee, for the purpose of ascertaining whether or not oil could be obtained. The amount sought to be recovered was $1,178. Appellant filed an answer which included a general denial and special plea, alleging that he abandoned the work because appellee refused to furnish necessary casing, as required by the written contract. There was a jury trial, which resulted in a verdict and judgment for the plaintiff for one-half of the amount sued for, and the defendant has appealed.

[1] Appellant concedes that the case was submitted to the jury under proper instructions, but presents the contention, under several assignments of error and in several different forms, that the case should be reversed, because the undisputed proof shows that, if he wrongfully breached the contract, the plaintiff was entitled to recover $1,178, the full amount sued for, instead of $589, the amount awarded by the jury. Appellant's contention seems to be that when the verdict is considered in the light of the testimony, it must necessarily be concluded that some of the jurors did not believe that appellant had breached the contract, and that as a compromise the jury finally agreed to allow the plaintiff half the amount sued for.

Counsel for appellee make two answers to that contention, both of which this court regards as sound. In the first place, they point out the fact that appellant testified that he had done $600 worth of work upon the well, for which he had received no pay, and in the next place, they assert the proposition, which is sustained by authorities, that appellant cannot take advantage of the fact that the verdict and judgment rendered against him is for an amount less than was established by the proof. Blassingame v. Davis, 68 Tex. 595, 5 S. W. 402; Hamman v. Willis, 62 Tex. 507; 29 Cyc. 848. Shropshire v. Doxey, 25 Tex. 128, and other cases cited by counsel for appellant, are distinguishable from the case in hand. In the Shropshire Case the complaining litigant was the party in whose favor the verdict had been rendered, and the Supreme Court sustained his contention and reversed the case because the undisputed proof showed that he was entitled to recover a much larger sum than the amount awarded by the jury. In that and other similar cases cited in appellant's brief, it was the party in whose favor the verdict was rendered, and not the party against whom it was rendered, who was complaining of the smallness of the verdict.

[2] The other questions presented in appellant's brief relate to certain rulings of the trial court in regard to the admissibility of testimony. The plaintiff was a joint-stock company, and appellant admitted that the individuals who constituted that company were solvent, and therefore it was not error

to refuse to permit the defendant to prove that the company kept no funds or assets on hand. If the solvency of the company was at all pertinent to any issue in the case, testimony upon that subject was precluded by appellant's admission that the individuals who composed the joint-stock company were solvent. We also overrule appellant's contention that certain witnesses had not qualified themselves to express an opinion as to the character of work which appellant had done in attempting to drill the well in question.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.