HAYS et al. v. CLAWSON et al. (No. 6972.)*

(Court of Civil Appeals of Texas. Austin. April 28, 1926. On Motion for Rehearing, June 9, 1926.)

1. **Boundaries** &#8258;8—**South line of tract conveyed held to run east from point south of conclusively established corner of original survey.**

South line of tract, described by field notes of original survey in deed as running north to conclusively established southwest corner of survey on top of river bluff on west line, which was also definitely located, *held* to run east from point same distance south of such corner.

2. **Boundaries** &#8258;3(6)—**Calls for corners or lines in conflict with corners positively located on ground must yield to physical survey.**

Where surveyor's footsteps can be followed with certainty, and corners established by him positively located on land, conflicting calls for corners or lines of other surveys must yield to physical survey on ground.

On Motion for Rehearing.

3. **Boundaries** &#8258;7.

Rock pile established by original surveyor, but not called for as corner by field notes in deed, *held* not such corner.

4. **Boundaries** &#8258;3(8).

Objects not called for in deed cannot be looked to as corners, if in conflict with field notes.

5. **Boundaries** &#8258;7, 8—**East line and southeast corner of tract held established by line run from point on north line given distance from northwest corner of named survey to intersection with line east from point south of southwest corner of another survey.**

East line and southeast corner of tract *held* established by line run from point on north line of named survey a given distance from its northwest corner to intersection with south line running east from point south of definitely located southwest corner of another survey.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by W. F. Hays and another against J. C. Clawson and others. Judgment for defendants, and plaintiffs appeal. Reversed, with instructions, and remanded.

R. B. Thrasher and W. F. Hays, both of Austin, for appellants.

Dickens & Dickens and R. C. Walker, all of Austin, for appellees.

BAUGH, J. On or about October 25, 1909, Rob Roy sold and conveyed to J. C. Clawson 350 acres of land out of the B. F. Childress, Isaiah Kirby, and J. J. Bayard surveys, located a few miles up the Colorado river from the city of Austin, in Travis county, Tex., and described in the deed as follows:

"Beginning at the N. W. corner of the B. F. Childress survey; thence S. 60 E. 1,197 varas to the N. W. corner of same on the west line of the I. Kirby survey; thence N. 30 E. 445 varas to the N. W. corner of the I. Kirby survey; thence S. 60 E. 475 varas to the N. E. corner of same; thence S. 30 W. 467½ varas to the N. W. corner of the J. J. Bayard survey; thence 60 E. 74 varas to corner on the north line of same; thence S. 30 W. 1,007 varas to stone mound for S. E. corner of the tract herein conveyed; thence N. 60 W. 1,746 varas to a stone mound for corner; thence N. 30 E. 31½ varas to S. W. corner of Childress survey on the top of a high bluff of the Colorado river on the W. line of the B. F. Childress survey; thence N. 30 E. with said W. line 1,007 varas to the place of beginning, being 350 acres of land in the county of Travis and state of Texas."

Thereafter W. F. Hays and Dr. Annie Hays, appellants herein, acquired, amongst other lands, the remainder of said surveys. Some time in 1923, when appellants undertook to fence their lands, a dispute arose between them and Clawson as to the location of the east and south boundary lines of the Clawson 350-acre tract, which resulted in this lawsuit. The court appointed W. P. Ratchford to make a survey of said 350-acre tract. Ratchford made said survey and returned to the court a map or plat thereof, a substantial copy of which is attached to this opinion, showing that he located the 350-acre Clawson tract within the points indicated on the attached plat by the letters A, B, C, D,

E, F, G, and H. It is appellees' contention, however, that the true location of the north line of the J. J. Bayard survey is 84 varas east and 233 varas south of the line E I and at the points indicated by the dotted line K J on the plat; and that, therefore, the call in the deed for the lower northeast corner of

said 350-acre tract on the north line of the Bayard is in fact on the ground 74 varas south 60 east from the point K on the plat, instead of at point F; and that by running from this line south 30 west 1,007 varas, as called for in the deed, to a corner, thence north 60 west for the south line of the 350-acre tract, the east and lines of Claw-son's land are thus located 84 varas further east and 233 varas further south than the lines F G H claimed by Hays as Clawson's east and south lines. The suit is brought as a suit in trespass to try title to the strip of land between these disputed lines, but resolves itself into a boundary line suit to determine the east and south lines of Clawson's 350-acre tract.

The case was tried to a jury upon general issue and the jury found in favor of the defendants, appellees here, on which finding the court rendered judgment that the plaintiffs take nothing; hence this appeal.

[1] We think the verdict of the jury was clearly contrary to the evidence, considered in the light of the court's charge. No complaint is made of the charge. The trial court, in effect, instructed the jury to follow the footsteps of the original surveyor in surveying the 350-acre tract in 1909, from which survey the field notes contained in the deed were made. Subsequent to 1909, the west line of the Childress survey shows to have been run out by three other surveyors. There is no dispute as to the location of this west line. It also appears that the southwest corner of the Childress survey is conclusively established on the top of a high bluff approximately 110 or 112 varas from the water's edge. At least two of the surveyors located it by a stone mound. There was some evidence that Grooms Lee, who originally surveyed this 350 acres in 1909, did not find this corner; but we think that the fact that he calls for it in his field notes made at the time at the very place where the other surveyors found it shows conclusively that he did. This corner, therefore, and the west line of the Childress, are conclusively established. The field notes to the 350 acres also call for the survey to close at this point with a straight line running north 60 west 1,746 varas to a stone mound; thence north 30 east 31½ varas to this southwest corner of the Childress. Regardless, therefore, of any uncertainties or conflicts with reference to location of the north lines of the Kirby and Bayard surveys, with a fixed point for the southwest corner of the 350-acre tract, its south line can be readily and certainly located by reversing the call in the field notes from this point and extending it south 60 east. It is manifest that the jury, in finding for the defendants, not only did not do this, but must have based their findings upon a line run out by the surveyor Homeyer, beginning at point J on the plat, pointed out to him as the northeast corner of the Bayard, then running the width of

the Bayard called for to point K on the plat; thence south 30 west a distance of 1,007 varas called for in the field notes as being the length of the east line of the 350-acre tract, arriving at point L on the plat; running thence north 60 west for the south line of the 350-acre tract. This line is obviously impossible, as the evidence shows that it crosses the Colorado river. Homeyer's survey is of very little value, because he testified that in making his surveys he did not have the field notes made by Grooms Lee and set out in Clawson's deed, and that he ran out none of Clawson's corners, which were the very matters in controversy.

[2] It also appears to be undisputed that a rock pile some 50 or 60 yards to the northeast of Clawson's house was the corner established by Grooms Lee in 1909, when he made the survey of this 350 acres, as the lower northeast corner of said tract, and that it is located approximately, if not exactly, at the point F indicated on the plat. The field notes call for this point F as being south 60 east 74 varas from the northwest corner of the Bayard, on the north line of the Bayard. Two of the surveyors who subsequently surveyed this 350 acres found it to be on the north line of the Bayard. If, however, it be conceded that the north line of the Bayard survey is located along the line J K on the plat, as run out by Homeyer from the point J, this would not change the location of the east line of Clawson's 350-acre tract from where it was actually surveyed by Grooms Lee. Notwithstanding the call from the northeast corner of the Kirby is to run to the northwest corner of the Bayard, thence along the north line of the Bayard 74 varas, the pile of rocks above mentioned, and located at point F on the plat, is indisputably the line run out and marked by Grooms Lee in 1909. Where the footsteps of the surveyor can be followed with certainty and corners established by him positively located on the land, calls for corners or lines of other surveys, if in conflict with such established corners, must yield to the physical survey on the ground. Stafford v. King, 30 Tex. 273, 94 Am. Dec. 304; Fulton v. Frandolig, 63 Tex. 353; Ayers v. Lancaster, 64 Tex. 312; Phillips v. Ayers, 45 Tex. 607; Johnson v. Archibald, 78 Tex. 102, 14 S. W. 266, 22 Am. St. Rep. 27; Hamilton v. Blackburn, 43 Tex. Civ. App. 153, 95 S. W. 1098; Busk v. Manghum, 14 Tex. Civ. App. 621, 37 S. W. 460; Blassingame v. Davis, 68 Tex. 595, 5 S. W. 402; Chesson v. La Flore (Tex. Civ. App.) 191 S. W. 746; Taft v. Ward, 58 Tex. Civ. App. 259, 124 S. W. 439; Miller v. Meyer (Tex. Civ. App.) 190 S. W. 250.

It clearly appearing, therefore, that the southwest corner and the lower northeast corner of the 350-acre tract are established on the ground, which corners mark, respectively, the west and north ends of the two lines in controversy, and with the field notes in the

deed calling for the courses of the lines to be run from these points, the southeast corner of said 350-acre tract can be readily and easily located on the ground. This can be done by running a line south 30 west from the established corner indicated as F on the plat and shown to be marked by a rock pile or stone mound some 50 or 60 yards northeast of Clawson's house, and running another line south 60 east as a reverse call from the southwest corner of the said 350-acre tract, being point H designated on the plat, and wherever these lines meet the southeast corner of said tract is of necessity established. This method of establishing such corner was approved in Kenedy Pasture Co. v. State (Tex. Civ. App.) 196 S. W. 287, affirmed 111 Tex. 200, 231 S. W. 683, and certiorari denied in 258 U. S. 617, 42 S. Ct. 271, 66 L. Ed. 793.

We deem further discussion of the questions raised by the appellants unnecessary. The evidence does not disclose whether lines run in accordance with the conclusions above announced will coincide with the boundaries of the 350-are tract claimed by appellants, and we cannot therefore pass upon the question of the damages for cutting timber on the disputed strip in controversy.

For the reason stated, the judgment of the trial court is reversed, with instructions to establish the south and east lines of Clawson's 350-acre tract in accordance with this opinion, and remanded with reference to the other questions raised.

Reversed, with instructions. and remanded.

### On Motion for Rehearing.

[3-5] Amongst other contentions made in this motion for new trial, appellees urge that this court erred, and is in conflict with decisions of the Supreme Court and the Courts of Civil Appeals, in holding that the rock pile in front of Clawson's house, established by Grooms Lee, fixes the lower N. E. corner of the 350-acre tract, whether such rock pile is on the north line of the Bayard survey or not. In this we are of the opinion upon further investigation of the authorities that appellees are correct. The field notes of the deed do not call for the rock pile as a corner but for a point on the north line of the Bayard survey 74 varas from its northwest corner. Objects not called for in the deed cannot be looked to as corners, if in conflict with the field notes. Reast v. Donald, 84 Tex. 653, 19 S. W. 795; Hamilton v. Blackburn, 43 Tex. Civ. App. 153, 95 S. W. 1094; Ratliff v. Burleson, 7 Tex. Civ. App. 621, 25 S. W. 983, 26 S. W. 1003; Davis v. George, 104 Tex. 110, 134 S. W. 326. That being true, the true north line of the Bayard survey, wherever located, will control the location of the lower northeast corner of Clawson's 350-acre tract, and a line run from a point thereon 74 varas from its northwest corner south 30 west to a point where same intersects the line fixed in our original opinion for the south line of said 350-acre tract will establish the east line and the southeast corner of said 350-acre tract. The south line and west line of said tract being conclusively fixed, such survey should be constructed upon these lines, and closed by connecting same with the corners of the surveys called for in the field notes.

There was ample evidence to show that said rock pile was on the north line of the Bayard survey, but it was not conclusive, and this location then remains an issue of fact for determination, In the respect here indicated, appellees' motion for a new trial is granted, and our opinion corrected accordingly. In all other respects said motion is overruled.

Motion granted in part and in part overruled.