## FOUNDATION OIL CO. et al. v. GREAT PLAINS OIL & GAS CO. et al.

### No. 5618.

Court of Civil Appeals of Texas. Texarkana.

June 21, 1940.

Rehearing Denied July 4, 1940.

Turner, Rodgers & Winn and Geo. S. Terry, all of Dallas, for plaintiffs in error.

Wynne & Wynne and Henry H. Harbour, all of Longview, for defendants in error.

JOHNSON, Chief Justice.

Great Plains Oil & Gas Company, owner· of the 7/8 leasehold mineral interest in Block G of the Butcher Christian subdivision of the G. W. Hooper Survey in Gregg County, filed this suit in trespass to try title against Foundation Oil Company, owner of the 7/8 leasehold mineral interest in Block F which adjoins Block G on the West. The purpose of plaintiff's suit seeks to locate the Northwest and Southwest corners and the West boundary line of Block G at a point approximately 45 varas West of the presently occupied fence line between said Blocks G and F; thus the land sued for comprises approximately three acres, now within defendant's enclosure. Defendant answered by general denial, plea of not guilty, and pleaded the three and five years statutes of limitation. E. A. Anderson, the surface owner of Block G, intervened and adopted the pleadings of plaintiff. He will be referred to as a plaintiff. W. H. Terrell, G. J. Northcutt, Lillie Willis, Tom Willis, and L. Richkie, the surface and royalty owners of Block F, intervened, aligning themselves with the defendant, Foundation Oil & Gas Company, and they will be referred to as defendants. Upon trial to a jury, at the close of the evidence, all parties moved for instructed verdicts. Defendants' motions were overruled, plaintiffs' motions were sustained. From the judgment entered for plaintiffs upon the directed ver-

dict, defendants have perfected a writ of error.

The Butcher Christian estate consisted of 665 acres of the G. W. Hooper Survey in Gregg County. He had seven children, each being entitled to 95 acres. At the time of the division of said estate, 1930, one of the children, Pulina Anderson, was deceased. She left seven children who inherited her portion of the 665 acres. W. E. Jones, county surveyor of Gregg County, was employed by the heirs to subdivide the estate and prepare field notes for a partition deed. Jones began his survey by locating on the ground the outside lines of the 665-acre tract. He then by a survey upon the ground subdivided the land into sixteen blocks, marking and describing the lines and corners of each block. The portion set aside jointly to the seven children of Pulina Anderson consisted of Blocks 14, 15, and 16, comprising 95 acres. It was originally intended that the heirs of Pulina Anderson would later make a separate partition between themselves of said 95 acres allotted to them. But after the 665 acres had been surveyed, subdivided into 16 blocks, marked upon the ground, and the field notes of each of the 16 blocks had been so prepared, it was decided to subdivide said 95 acres set aside to the heirs of Pulina Anderson into seven small tracts and allot one of said tracts to each of said seven children in the main deed partitioning the estate. Whereupon the surveyor, Jones, "by an office survey" subdivided and platted said 95 acres into seven smaller tracts of 13⁴⁄₇ acres each and lettered them Blocks A, B, C, D, E, F and G. The field notes of said lettered blocks, so prepared by computing course and distance from lines and corners of adjoining blocks, were in lieu of the ground description of Blocks 14, 15 and 16, incorporated in the partition deed, signed by all the heirs. Thus each of the seven children of Pulina Anderson was allotted one of said lettered blocks. Block F was allotted to Lillie Willis and Block G was allotted to E. A. Anderson. Block F. is described in the partition deed as follows:

"Share of Lillie Willis (Block F):

"Beginning at the N. E. corner of T. D. Anderson's tract;

"Thence East with the South line of Block No 13, 243.2 vrs. to E. A. Anderson's N. W. corner;

"Thence South with his west line 316.8 vrs. to his S. W. corner;

"Thence West 243.2 vrs. to T. D. Anderson's S. E. corner;

"Thence North with his east line 316.8 vrs. to the place of beginning, and containing 13⁴⁄₇ acres of land."

Block G is described as follows:

"E. A. Anderson's Share (Block G):

"Beginning at Lillie Willis' N. E. corner in the South line of Block No. 13;

"Thence East with the south line of said Block 243.2 vrs. to a northwest corner of Block No. 10;

"Thence South with a west line of Block No. 10, 316.8 vrs;

"Thence West with a part of said Block No. 10, 243.2 vrs. to the Lillie Willis' S. E. corner;

"Thence North with her east line 316.8 vrs. to beginning, and containing 13⁴⁄₇ acres of land."

It is the unlocated Northwest corner, West line and Southwest corner of Block G that plaintiffs seek to locate in this suit. Each of the other lines and corners called for in the field notes of Block G had been surveyed and marked upon the ground by Jones at the time he prepared the field notes of Block G. They are now easily found and identified, their location is not disputed. It will be observed that the field notes of Block G called to *begin* "at Lillie Willis' N. E. corner." The Lillie Willis tract (Block F), lying to the West of Block G, had not then been surveyed or located upon the ground. None of the corners called for in the field notes of Block F were then marked or located upon the ground. So it is seen that the beginning corner called for in the field notes of Block G was an unlocated corner. Its location is now in dispute, and is to be established by plaintiffs in this suit.

Appellants contend that the beginning corner of a survey is of no higher dignity or importance than any other corner; that where, as here, the beginning corner never has been surveyed and its location is in doubt and is sought to be established, that any other corner marked by natural or artificial objects called for in the survey, found and identified as such, should be used in determining the boundaries of such survey; that since the field notes of Block G are complete within themselves and include calls for fixed and known objects, marking its Northeast and Southeast corners, found and identified upon the ground, as to which there is no dispute,

that therefore the unsurveyed, unlocated, and unmarked Northwest and Southwest corners and West line of Block G should be located at their called distance of 243.2 varas West of its said fixed eastern corners. To establish the unlocated Northwest "beginning" corner of Block G in the manner contended for by appellants, that is, by course and distance from the nearest known corners called for in its own field notes, the surveyor would commence at the Northeast corner of Block G which is the second corner called for in its field notes, same being the "Northwest corner of Block 10." This corner was then and is now a known corner, located and marked by Jones upon the ground by actual survey, witnessed by a sweet-gum tree, still standing. Its location is shown to be easily found and identified and is undisputed. To commence at this corner and survey South, West, North and East, the courses and distances called for in the field notes of Block G, or reverse the courses and then survey West, South, East and North the distances called for, will lay each of the lines and corners of Block G upon the ground in harmony with its own field notes, and at their presently occupied positions, and will give to the survey its full 13⁴⁄₇ acres called for. Appellees contend that said Northwest corner of Block G should not be thus established by course and distance from the nearest known corner called for in its own field notes, but that said Northwest corner of Block G should be established by course and distance from the nearest known corner called for in the field notes of any one of the lettered blocks lying to the West of Block G. The nearest known corner called for in any of the field notes of any of the lettered blocks lying West of Block G is the Northwest corner of Block B, five blocks away. The field notes of Block B called to begin "at the Southwest corner of the J. M. Christian 49-acre tract." The Southwest corner of the J. M. Christian 49-acre tract had been surveyed and marked upon the ground at the time the field notes of Block B were prepared. Like the Northeast corner of Block G, the Northwest corner of Block B is identified and its location is undisputed. To commence at the Northwest corner of Block B and survey the courses and distances called for in the field notes of each of the intervening blocks, B, C, D, E, and F, will locate the Northwest corner of Block G at a point approximate-

ly 288 varas West of the Northeast corner of Block G, or 45 varas West of the presently occupied line, thus extending the North and South lines of Block G a distance of 45 varas more than the distance called for in the field notes, and would give to Block G approximately 16⁴⁄₇ acres instead of 13⁴⁄₇ acres as called for in its field notes.

We believe that appellants' contention must be sustained, and that the motion for directed verdict in their favor should have been granted instead of appellees' motion.

■ In Kennard v. Maxwell, Tex.Civ. App., 287 S.W. 60, 63, a general rule of boundary law is expressed in the following language: "The beginning corner of a survey is of no higher dignity or importance than any other corner; and, where a natural or artificial object called for is found and identified at any corner, the lines of the survey may be determined by commencing at that point instead of the beginning corner. And where the location of a beginning corner is in doubt, any other corner marked by a natural or artificial object called for in the survey, found and identified as such, should be used in determining the boundaries of such survey. Phillips v. Ayres, 45 Tex. 601; Davis v. Smith, supra [61 Tex. 18]; Koenigheim v. Miles, 67 Tex. 113, 2 S.W. 81; Meade v. Jones, 13 Tex.Civ.App. 320, 35 S.W. 310; Taft v. Ward, 58 Tex.Civ. App. 259, 124 S.W. 437; Duren v. Presberry, 25 Tex. 512, at page 517."

■ The case of Petty v. Paggi Bros. Oil Co., Tex.Com.App., 254 S.W. 565, 568, is in point of fact with the case at bar. In that case the field notes of the Herrington 20-acre tract called to begin at its Southwest corner and run East. The 20-acre tract had been previously subdivided whereby plaintiffs had received 15 acres out of the East end, one of the defendants 4 acres out of the west end, and another defendant one acre between these two tracts. The Southwest beginning corner of the Herrington 20 acres was in doubt, though it was identical with the Southwest corner of the Mitchell 30-acre tract. By commencing the survey at the Southeast corner of the Mitchell 30-acre tract, and running West 781 varas the call distance of its South boundary line, would locate the Southwest corner of the Mitchell 30-acre tract, with which the Southwest corner of the Herrington 20-acre tract was iden-

972

tical. Plaintiffs sought to have the Southwest corner of the 20-acre tract located in this manner, and from the Southwest corner of the 20-acre tract thus located, to survey the courses and distances called for in the field notes of the 4-acre tract, and of the 1-acre tract, which survey would locate the Southwest corner of plaintiffs' 15 acres 338.5 varas West from its Southeast corner instead of 321 varas as called for in its field notes. The field notes of the Herrington 20-acre tract, like the field notes of Block G, were complete, definite and certain, and its boundaries could be definitely determined from the known corners called for in its own description, and contain no reference to the Mitchell tract (nor do the field notes of Block G contain any reference to Block B or the Southwest corner of the J. M. Christian 49-acre tract). Upon such facts, not materially different from the facts here presented, Judge German said:

"* * * The field notes of the Herrington 20 acres are complete, definite, and certain, and contain no reference to the Mitchell 30 acres. The southeast corner of the 20 acres is definitely located, and there seems to be no dispute about the location of its northeast corner and its south, east, and north lines. Its boundaries can be determined accurately from its own calls. When this can be done there is no justification for recourse to the field notes of other surveys. The southeast corner of this tract, being found and clearly identified, is of more importance than the beginning corner, which cannot be identified on the ground, as a basis from which to locate the lines and other corners. Where the field notes of a survey are complete in themselves, and one corner can be located by course and distance from another established corner, it ought to be so established, and it is not permissible to look to the field notes of another survey to create an inconsistency in the calls. Thomson v. Langdon, 87 Tex. 254, 28 S.W. 931; Davis v. Smith, 61 Tex. [18], 21; Upshur County v. Lewright (Tex.Civ.App.) 101 S.W. 1013; Reast v. Donald, 84 Tex. [648], 653, 19 S.W. 795; Polk v. Reinhard (Tex. Civ.App.) 193 S.W. 687.

"It being admitted by all parties that there is nothing on the ground to indicate the original location of the southwest corner of the 20-acre tract, and that it is necessary to resort to course and distance from some other point to determine its lo-

cation, certainly the most reliable and obviously proper point from which to so locate it is the southeast corner of the 20 acres itself. This is true, not only because it is a well-established corner of the very tract to be located, but it is the least remote of all the points from which it is sought to locate the southwest corner. Clarke v. Klein (Tex.Civ.App.) 166 S.W. 1179; Standefer v. Vaughan (Tex.Civ. App.) 219 S.W. [484], 490."

The judgment of the trial court will be reversed and the judgment here rendered for appellants, establishing the Northwest corner, Southwest corner, and West line of Block G at 243.2 varas West from its Northeast and Southeast corners and East line, respectively, same being the positions of the Northwest and Southwest corners and West line as presently occupied and marked by the division fence between the plaintiffs and the defendants.