CLARKE v. KLEIN. (No. 7879.)

(Court of Civil Appeals of Texas. Ft. Worth. March 14, 1914.)

BOUNDARIES (§ 8*)—LOCATION OF SURVEYS—DISPUTED BOUNDARIES.

The C. survey called for the W. survey, the D. survey for the C. survey, and the H. survey for the D. survey. The only original corners of such surveys which could be definitely located were the northwest corner of the D. survey and the southwest corner of the W. survey. Survey No. 1 of a railroad company was described as beginning at the southwest corner of the H. survey and survey No. 2 as beginning at the southwest corner of survey No. 1. A disputed boundary line of survey No. 2 would be differently located if the railroad surveys were constructed from the southwest corner of the W. survey than if constructed from the northwest corner of the D. survey. Prior to the patent from the state with the owner of which the dispute arose, the railroad surveys were resurveyed and patented, and the boundary line established by the resurvey coincided with that found by constructing the survey from the northwest corner of the D. survey. Held, that the trial court properly established the boundary line as constructed from such northwest corner, rather than from the more remote southwest corner of the W. survey.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 66–76; Dec. Dig. § 8.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by A. W. Clarke against Ludwig Klein. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

W. T. Allen and Wantland & Parrish, all of Henrietta, for appellant. P. M. Stine, of Henrietta, for appellee.

SPEER, J. This is essentially a boundary suit to determine the west boundary line of survey No. 2, S. A. & M. G. Railway Company land, the land in controversy being claimed by appellee as a part of the survey and by appellant, who was plaintiff below, by virtue of a patent issued by the state of Texas conveying the same as a part of the unappropriated public domain, and the further statement of the case will be better understood by a reference to the accompanying plat.

The Jos. Weeks survey is located by its well-established southwest corner. The M. Carabajal calls for the Jos. Weeks, and none of its bearings are found save the southwest corner of the Jos. Weeks referred to. The A.

Dickerson calls for the M. Carabajal, and its northwest corner is found and identified on the ground. The J. C. Hale calls for the A. Dickerson and none of its corners are found. Survey No. 1, S. A. & M. G. Railway is located as follows: "Beginning at the S. W. corner of John C. Hale No. 19 at a stake in the north line of the Almerone Dickerson; thence north 1900 varas a stake; thence west 1900 varas a stake; thence south 1900 varas a stake; thence east 1900 varas with the north boundary line of the said Dickerson to the place of beginning." The field notes of survey No. 2, S. A. & M. G. Ry. Co. are as follows: "Beginning at the S. W. corner of survey No. 1 a stake; thence north with west line of said survey 1900 varas a stake, it being the N. W. corner of same; thence west 1900 varas a stake; thence south 1900 varas a stake; thence east 1900 varas the place of beginning." To construct these surveys course and distance from the southwest corner of the Jos. Weeks will establish the west boundary line of S. A. & M. G. Ry. No. 2 at the place contended for by appellant. But to regard the northwest corner of the Almerone Dickerson and to run course and distance for its northeast corner, and then to construct in their order the Hale, S. A. & M. G. Ry. No. 1 and S. A. & M. G. Ry. No. 2, course and distance according to their field notes, respectively, will establish the disputed boundary line in accordance with the judgment of the trial court in keeping with the contention of appellee. We think the latter method is the proper one. The evidence abundantly authorizes the conclusion that the southwest corner of the Jos. Weeks and the northwest corner of the Almerone Dickerson are the only original corners of any of these surveys now definitely located by the testimony. We think the line in dispute can be more certainly located from the northwest corner of the Dickerson than from the more remote corner at the southwest of the Jos. Weeks. Furthermore, the northwest and the southwest quarters of survey No. 2 were resurveyed and patented prior to appellant's patent covering the land in controversy and the line established by the honorable district court coincides with that established in the resurvey, and for that reason as well the judgment is supported by the evidence.

There is no error in the judgment, and it is affirmed.