Opinion delivered April 22, 1887.

No. 5584.

## G. B. GERALD *v*. D. C. FREEMAN ET AL.

1. SURVEY.—In determining the bounds of a survey, a call for course and distance will not yield to a call for an unmarked prairie line, which can not itself be ascertained except by running the boundaries of another survey according to course and distance.
2. LOCATION—SURVEY—PRESUMPTION.—The law presumes that a surveyor has surveyed around the land located and intended to be embraced in the calls of the patent, unless the contrary appears from evidence.

ERROR from McLennan. Tried below before the Hon. B. W. Rimes.

This suit was instituted by defendants in error to recover two different tracts of land. The first tract contained two hundred and forty-nine acres and was patented to the heirs of Benjamin C. Wallace, October 16, 1871. The second tract contained sixty-six acres, title to which issued from the State October 19, 1882. It was admitted on the trial by plaintiffs in error that D. C. Freeman acquired the two hundred and forty-nine acres from the heirs of Benjamin C. Wallace, and conveyed to his wife, Mrs. Mary E. Freeman, an undivided one-third interest. They also admitted that Mary E. Freeman showed an equitable title to the sixty-six acres. Plaintiffs in error introduced in evidence a patent from the State of Texas to P. M. Maxwell for one-third

of a league of land, dated October 30, 1849, and also the title to the T. J. Chambers two league grant, patented in 1834.

The land in controversy is situated to the west of the Chambers grant, and adjoins its western boundary line, the Maxwell grant also being situated to the west of the Chambers grant; and one of the questions for determination was whether the east boundary line of the Maxwell must extend to the Chambers west or southwest boundary line, plaintiffs in error claiming that the call in the Maxwell patent for the Chambers grant must govern its course and distance. The defendants in error claimed the reverse, and also insisted that their claim to the land in dispute was *res adjudicata* as to the plaintiffs in error. Running the Maxwell survey according to its course and distance would give the full number of acres called for therein without including any part of the land in dispute.

The Chambers two league grant is dated 1834, the Maxwell in 1849, and calls to begin at the northeast corner of E. Bullock's survey, and run thence, north sixty east, two thousand nine hundred and seventy-five varas to the southwest boundary line of the said T. J. Chambers survey.

J. W. Speight testified that he was the county surveyor of McLennan county; that he had recently run out the Maxwell survey, as he had previously done; that the west line of the Chambers survey was an open and unmarked line in 1855. When he run the Maxwell he commenced at its northwest corner and northeast corner of Bullock, a standing corner, which had been recognized by G. B. Gerald (the plaintiff in error) and the adjacent proprietors, and at which he found bearing trees, and thence run north sixty east two thousand nine hundred and seventy-five varas to its northeast corner, according to course and distance as called for in patent, and that from the east line of Maxwell to the Chambers west line there was a distance of five hundred and five varas, which intervening distance includes the land in controversy.

W. A. Cassidy, another surveyor, testified that one Jenkins established the Chambers west boundary line in 1857, previous to which the said line was unmarked in the open prairie. That he had run the Maxwell survey, and, running the same by its course and distance, there are five hundred and five varas between its east line and the Chambers west line. Running the Maxwell its full course and distance as called for would give the full comple•

ment of acres without taking any of the land in dispute. Other testimony is referred to in the opinion.

*Anderson & Flint,* for plaintiff in error.

*Battle & Battle,* for defendants in error.

WILLIE, CHIEF JUSTICE. The main question for decision in this case was determined by this court in the case of Freeman v. Gerald, reported in 2 Texas Law Journal, page 744. The parties to this cause were in that case, as in this, contending as to the true location of the east boundary line of the Maxwell grant, and this court fixed it by the course and distance called for from its beginning corner, and not by the west boundary of the Chambers survey, with which it purported to run. The west line of the Chambers was wholly within the prairie, without natural or artificial objects by which it could be identified. Recognizing the principle that course and distance ordinarily yielded to natural or artificial objects in arriving at the boundaries of a survey, this court declined to make them subordinate to an unmarked prairie line which could not itself be ascertained except by running the boundaries of another survey according to course and distance.

It construed the act of October 10, 1866, and held that it did not apply to a survey whose lines in reality were run; for it was never the intention of the act to give to the locator more land than he was entitled to by the survey actually made for him. With this construction placed upon the act, the Legislature at none of the several sessions held since that decision was made has thought proper to change the law, and hence the construction given it by this court must be regarded as the one intended by the Legislature.

But the appellant says that the agreed statement in the former suit admitted that the lines of the Maxwell grant had actually been run, whereas, in the present case, there was no proof of that fact. The evidence on that subject is as follows: W. W. Oxsheer, who, in 1849, was a deputy surveyor of Milam land district, stated that he made the original survey of the Maxwell grant; that, at the time of making it, the west or southwest line of the Chambers grant was not marked and could not be recognized, it being in the prairie and nothing to mark, and that he was guided by the maps in the general land office, and tried

to keep off the Chambers survey. That he ran a portion of the T. J. Chambers, or what he supposed to be the line, from the best information he could get from the map of the county.

The law presumes that every officer does his duty. It is the duty of the surveyor to run around the land located and intended to be embraced by the survey and patent, and the law presumes that he has done so unless the contrary appears by satisfactory proof. (Stafford v. King, 30 Texas, 269; Boon v. Hunter, 62 Texas, 582.)

No proof to the contrary was produced in this case; but, on the other hand, the legal presumption was aided and strengthened by the testimony of the officer who made the survey. He testifies positively that he made the survey, and to do this means to run its lines in accordance with the requirements of the law —in other words, to do exactly what his report of the survey says he had done. He strengthens this further by showing that he actually run the line in dispute between the parties to this cause. He had, according to his field notes, started at the northeast corner of the Bullock grant, which appears to have been well defined; thence run north sixty east, two thousand nine hundred and seventy-five varas. Supposing that he was on the Chambers west boundary line (which supposition he arrived at, not by running out that survey, but by the maps in the land office), he ran a portion of that line of the Chambers for the east boundary of the Maxwell survey.

Here, then, we have ample proof from the report of the survey, corroborated by the surveyor's evidence that the survey was actually made, and direct testimony of how the second line —which is the one in dispute—was run, showing that this officer was acting upon a mere assumption that he had reached the west boundary of Chambers, at two thousand nine hundred and seventy-five varas from his beginning corner. That this was not so is also shown, this line being five hundred and five varas further from the beginning corner than he supposed. In our opinion, this evidence fulfils all the requirements of satisfactory proof that the Maxwell tract was actually surveyed, and that its east boundary fell short of the Chambers five hundred and five varas, which brings the case within the principle laid down in Freeman v. Gerald, supra. Upon this state of case, the court below was justified in rendering judgment for the appellees.

We express no opinion as to whether the federal court judgment was a bar to this suit, as it is not necessary to do so in the determination of the present appeal.

There is no error in the judgment, and it is affirmed.

*Affirmed.*