Opinion delivered May 13, 1887.

No. 5963.

E. F. Davidson *v.* J. M Killen.

1. Survey—Conflicting Calls.—In determining the position of a corner which is called for as being located a given course and distance from a bearing tree, and which has no other proximate natural or artificial object to fix its exact location, that call is entitled to no greater dignity than a call for course and distance from another corner of the same survey which is fixed and identified by a natural object called for and found; for in each instance the corner sought can only be found by measurement from the known object. When in such a case it is found that such calls are conflicting, and can not both be harmonized, then effect should be given to the one which is most in harmony with the other calls of the grant, and with the lines of contiguous surveys called for.

Appeal from Falls. Tried below before the Hon. B. W. Rimes.

*Goodrich & Clarkson,* for the appellant, cited Guilbeau v. Mays, 15 Texas, 410, and Bolton v. Lann, 16 Texas, 96.

No briefs for appellee have been received by the Reporter.

Stayton, Associate Justice. The appellant owns two grants of land south of the John R. Harvey grant, which is in part owned by the appellee. The Harvey grant is the elder, and no question arises, in this case, other than as to the true southern boundary of the John Harvey survey.

This survey, from its field notes, is rectangular in form, with sides of equal length, and its northeast and northwest corners are well identified by objects called for in the patent. The southeast corner can not now be identified by the objects called for, they having been in some manner destroyed. The south-

west corner, as called for in the patent, is at a point from which a cottonwood tree bears south thirty east ninety-six varas, and an elm south seventy-six east seventy-five varas. The elm bearing tree could not be found, but the cottonwood was, and fully identified.

The southeast corner is called for at a point on the west line of the James Harvey survey, one thousand six hundred and twenty varas from the southwest corner. By course and distance from the southwestern corner of the James Harvey survey, as well as from the northeastern corner of the John R. Harvey survey, the southeast corner of the latter survey is found to be at a point further south than the defendants claim it to be, and sixty-eight varas further south than the plaintiff claims it to be. From the point thus fixed as the southeast corner of the John H. Harvey survey, a line run on the course called for, will place the cottonwood tree called for as a bearing to the southwest corner, whence the distance called for is run south thirty degrees west ninety-six varas, instead of south thirty degrees east ninety-six varas.

If a line be run from a point from which the cottonwood will bear south thirty degrees east ninety-six varas to the known northwest corner of the survey, the corner will not be that called for in the patent; but if a line be run from the northwest corner of the survey, the corner called for, until it intersects the line run from the southwest corner established as before stated, then the cottonwood tree is found to be at a point south thirty degrees west ninety-six varas from the point at which these lines will intersect. The court below found that the call for the cottonwood, south thirty degrees east ninety-six varas was a mistake, and that the true call was south thirty degrees west ninety-six, varas; and it seems to us that, giving due weight to all the calls, this conclusion is correct. The call for the corner at a point from which the cottonwood tree bears south thirty degrees east ninety-six varas, requires the corner to be determined by course and distance from the tree called for; and this call is of no higher dignity than the calls for the northeast and northwest corners of the survey, which are admitted to be well established.

Course and distance from the corners last named are as reliable as course and distance from the cottonwood tree, except as this may be affected by the fact that there is more likelihood of

mistakes in the measurement of long lines than in the measurement of short lines.

The various calls should be harmonized as far as they may be, and if effect can not be given to one without disregarding the others, then effect should be given to those which with the greatest certainty tend to show where a corner or line is, and harmonize, though another call of equal but not greater dignity be disregarded.

The southeast corner of the survey is fixed with all reasonable certainty, and the northwest corner with absolute certainty, and lines run from these corners on courses called for will intersect at a point which shows that the true bearing of the cottonwood tree from the corner, is south thirty west ninety-six varas. To place the corner at a point from which that tree will bear south thirty east ninety-six varas, lines running from it to the northwest and southeast corners will be on courses different from those called for, and the configuration of the survey will be changed, while to place the corner at a point from which that tree will bear south thirty west ninety-six varas, will be in harmony with the other calls in the grant, and with the lines called for in the contiguous surveys.

From the finding by the court below and from the brief of counsel we learn that this case and another, entitled E. F. Davidson v. L. B. Scott et al., and involving the same questions of boundary, were tried at the same term, and it is urged in the brief of counsel that facts exist which estop the appellee from claiming the south line of the Harvey survey to be at the place at which he does now claim it. We find no facts in the transcript in this case bearing on such a question, unless it be claimed that, as the surveys, under which the appellant claims, were made and patented since the Harvey grant was made, the appellant and those from whom he claims were entitled to rely upon the call for a corner of the Harvey survey at a point from which the cottonwood tree would bear south, thirty degrees east, ninety-six varas, and having so relied are entitled to have the line so fixed. Such a proposition can not be maintained, for it was the duty of the subsequent locator to ascertain from all the calls in the Harvey survey its true locality, and he was not entitled to rely upon the true southern line being at a point where one call would place it, when this call is in conflict with all the others.

We find no error in the judgment, and it will be affirmed.

Opinion delivered June 3, 1887.    *Affirmed.*