J. J. ROBERTSON ET AL. v. JAMES MOONEY.

No. 38.

1. **Survey—Presumption.**—In the absence of proof to the contrary, the presumption is that the survey by virtue of which land is patented or appropriated was actually made on the ground, as required by law.

2. **Boundary Lines—Construction of Calls.**—The rule that a call for a line or corner of an older survey will prevail over a call for course and distance is not applicable to an unmarked line or corner which can only be found by running course and distance from some other marked line or corner or well known object.

**3. Patent not Void, when.**—A patent issued on a pre-emption is not void because the affidavit therefor was made before a notary public, instead of a clerk of the District or County Court, as required by the Act of 1873 and the amended Act of 1881.

APPEAL from Stephens. Tried below before Hon. T. H. CONNER.

*J. R. Fleming* and *Wm. Veale & Son*, for appellants.— 1. The rules for the construction of grants and for ascertaining their boundaries are all designed to carry out the intention of the grantor. When that intention is manifest all else must yield to and be governed by it. It was manifestly the intention of the State to grant, under the patent issued on the Buffalo Bayou, Brazos & Colorado Railroad Company survey, all the vacancy existing at the place where said survey was made. Woods v. Robinson, 58 Texas, 655; Moore v. Reiley, 68 Texas, 668; Fordtran v. Ellis, 58 Texas, 245; Oliver v. Mahoney, 61 Texas, 610; Brown v. Bedinger, 72 Texas, 248.

2. When a survey calls for adjacent grants that bound it without dispute upon four or more sides, and when five of the corners of such surveys are established and are easily and certainly found on the ground, the boundaries of such survey must be determined by the calls for the previous adjacent grants, so as to embrace within the lines of the patent all the land lying between adjacent surveys called for in the patent as constituting the outer boundaries of the later grant. Woods v. Robinson, 58 Texas, 655; Moore v. Reiley, 68 Texas, 668.

3. The identification of the actual survey as made by the surveyor is the main inquiry. His footsteps upon the ground should always be followed, by whatever rule they may be ascertained. Stafford v. King, 30 Texas, 273; Phillips v. Ayres, 45 Texas, 601.

*De Berry & Wheeler*, for appellee.—Under all the facts shown, and the rules of law governing the construction of calls in a survey, the judgment of the lower court was correct, as the land in controversy could not properly be included in the Buffalo Bayou, Brazos & Colorado Railroad Company's grant.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment rendered by the District Court of Stephens County, in favor of appellee, who sought to recover of appellants about 10 acres of land near Crystal Falls, in said Stephens County. The case was tried without a jury, and is brought here upon a statement of facts without any conclusions of law and fact.

Appellee claimed under a patent issued under the pre-emption law of 1873; and appellants claimed under a patent issued prior thereto by vir-

tue of a certificate issued to the Buffalo Bayou, Brazos & Colorado Railway Company.

The determination of the matter in controversy depends upon the true location of the eastern and southern boundaries of the Buffalo Bayou, Brazos & Colorado Railway Company survey. When this survey was made there was a vacant body of land, consisting of about 500 acres, surrounded by the E. L. Walker, Sarah Blythe, J. J. Metcalfe, the Peters Colony surveys 1161, 1170, 1158, 1154, and the Clear Fork of the Brazos River. The location of appellants for about 450 acres was made upon this vacant body of land. They insist that the intention of the State was to grant, by virtue of the Buffalo Bayou, Brazos & Colorado Railway Company's location, all the land included between these older surveys and the river.

If it had been proven on the trial that no actual survey had been made for them, it would seem that their contention should be sustained. In the absence of such proof, however, it must be held that an actual survey was made. Gerald v. Freeman, 68 Texas, 201. Their survey calls to begin at the southwest corner of the E. L. Walker survey, which is a well established corner, and then calls for the southeast and southwest corners of the Peters Colony survey 1161, which are also well established, and thence south to a marked corner on the north line of the Metcalfe; thence east 82 varas to the northeast corner of the Metcalfe, which is an open corner; thence south 712 varas; thence east 1438 varas, calling for the northeast corner of survey 1158; thence north 1344 varas to the bank of the river; thence up the river north 50¾ west 482 varas, to a marked corner; thence west 475 varas to the beginning.

It is contended that the call for the northeast corner of 1158 should control, (1) the call for "south 712 varas" from the northeast corner of the Metcalfe, extending it to 986½ varas; (2) the call of 1438 varas east, extending it to 1555 varas; (3) the call for north 50¾ west 480 varas, changing its distance to 577 varas. It would seem also that this contention should be sustained, if said northeast corner of 1158, or the lines leading to it, could be found marked upon the ground. It is laid down in this State that the rule, that a call for a marked line or corner of an older survey will prevail over a call for course and distance, is not applicable to an unmarked line or corner which can only be found by running course and distance from some other marked line or corner or well known object. The reason of the rule is, that in each instance the boundary is ascertained by calls for course and distance, and hence effect should be given, where such calls are conflicting, to the one which is most in harmony with the other calls of the grant. Gerald v. Freeman, 68 Texas, 201; Duff v. Moore, 68 Texas, 270; Davidson v. Killen, 68 Texas, 406.

The lines and corners of 1158 are all open lines and corners, except the southeast corner, which is well established. The lines and corners of

1154 are likewise open, except its southwest corner, which is the southeast corner of 1158. If the Buffalo Bayou, Brazos & Colorado Railway Company's survey has its southern and eastern boundaries established by the several calls for course and distance, and the call for the northeast corner of 1158 be rejected as a mistake, there is complete harmony in all the calls, and the requisite quantity of land is secured. Constructing the survey by this method, the calls for 1344 varas north to the corner in the bank of the river, and thence north 50¾ west 482 varas to a well established corner, are found to be strictly accurate. Assuming that the surveyor went on the ground and made an actual survey, it is not an unreasonable conclusion, under the facts disclosed in the record, to hold that when he reached the southeast corner of the Buffalo Bayou, Brazos & Colorado Railway Company's survey, and called for the northeast corner of 1158, he was mistaken as to the locality of that corner, which could not be found upon the ground; also, that in his field notes calling for a corner 1344 varas north to the bank of the river, by the expression "bearings cut down" (which, however, is not carried into the patent), if he meant to call for the northwest corner of 1154, finding no evidence on the ground of this corner, he erroneously supposed it to be where course and distance, as called for in his field notes, had placed him.

It seems to us that, under the facts disclosed in the record, according to the rules of construction adopted in this State, the court was not clearly wrong in the conclusion, which evidently must have been reached, that the call for the northeast corner of 1158 should be rejected as a mistake; though there is much force in the contention that it never was intended to leave so small a vacancy between the Buffalo Bayou, Brazos & Colorado and the older surveys.

The sixth assignment asserts the invalidity of the patent under which appellee claimed, because it appeared from the face of the patent that it was issued by virtue of appellee's affidavit made before a notary public instead of a clerk either of the District Court or County Court, as required by the Act of 1873 and the amended Act of 1881. Appellants cite us to no authority except the statute in support of this assignment, and it seems to us that it is not well taken.

Our conclusion is that the judgment should be affirmed.

*Affirmed.*

Delivered November 22, 1892.