## SHELL PETROLEUM CORPORATION v. LANDERS et al.

### No. 1652.

Court of Civil Appeals of Texas. Eastland.

May 7, 1937.

Rehearing Denied June 4, 1937.

R. H. Whilden, H. M. Kisten, and Wm. D. Orem, all of Houston, for appellant.

Wynne & Wynne and Wm. A. Wade, all of Longview, and Florence & Florence, of Gilmer, for appellees.

GRISSOM, Justice.

W. M. Landers and wife filed suit for cancellation of an oil and gas lease executed by the Landers to one Burroughs covering a strip of land off of the east end of a so-called 64.4-acre tract in Upshur

510

county, Tex. By amended petition appellant, Shell Petroleum Corporation, was made a party defendant and it answered and filed a cross-action in trespass to try title. So far as is necessary to the decision of this case, the question involved is whether or not the field notes contained in an oil and gas lease executed by Landers and wife in January, 1931, in favor of Walter M. Burress and assigned to appellant, when properly construed, included the 1.68-acre tract in dispute as a part of the tract referred to in the lease as containing 64.4 acres.

In January, 1931, Landers and wife executed an oil and gas lease to Walter M. Burress covering certain land and including the tract referred to as containing 64.4 acres. Said tract actually contained an excess, and it is the contention of appellees that the field notes to said so-called 64.4-acre tract did not include the tract here in controversy, which is a strip either off of or adjoining the east end of said tract and being 45.2 feet wide by 1,616.6 feet long, and designated on the accompanying plat by E, F, 1(y), and 10(x).

The cause was submitted to a jury and upon the jury's verdict the court entered its judgment that Landers and Burroughs recover the title and possession to and of the oil and gas leasehold estate in said strip. Appellant contends that the facts are not in dispute, but that it is a question, under undisputed facts, as to whether as a matter of law a call for distance and acreage, as contained in the field notes of the so-called 64.4-acre tract, control the location of the east line thereof, or whether that line shall be located by protraction of an admittedly correctly located south line to its intersection with a line protracting from the northeast corner, which corner is located by the application of legal principles to undisputed facts. The so-called 64.4-acre tract, which, for the sake of convenience, will hereafter be referred to as the 64-acre tract, was carved from a prior subdivision of 205 acres, which 205-acre tract had been previously carved from a tract containing 330 acres.

There were two maps introduced in evidence, known as the Hackney and McClelland maps. The Hackney map identi-

fies corners and points by figures; the McClelland map by letters. The accompanying map has the letters and figures of both said maps. We think appellant's contentions, as stated in its brief, are largely correct and in several instances we have adopted its language.

In 1893 John T. Denton, the county surveyor of Upshur county, surveyed the 330-acre tract, the corners of which are designated on the map as 1, 2, 3, and 4. The surveyor, Hackney, in tracing Denton's notes on the 330-acre tract, definitely located on the ground points 2, 3, and 4. At point 1 he did not find the witness trees called for, but did find the stone, and at that location on the map placed figure 1. Shortly after the surveying of the 330-acre tract by Denton, and during the same year, Ragland executed a deed to Shelton covering 205 acres out of the eastern portion of the 330-acre tract. (The 205-acre tract is designated on the map by 1(y), 5(a), 6, and 4.) This deed called for the same beginning point as Denton's notes on the larger tract, the beginning point for both surveys being just north of point 4. The next call for the 205-acre tract was north and called for a stone witnessed by the same bearing trees called for in the Denton notes on the 330-acre tract at point 1. The corners of said 205-acre tract located at points 5(a), 6, and 4 were not disputed in the trial of this case. Points 4 and 5(a) were definitely established by Hackney on the ground. Further, it is agreed that point 5(a) is the northwest corner of both the 205 and 64-acre tracts. The parties are also in agreement as to the location of point 7(b). We find no dispute in the testimony of the respective surveyors or witnesses with reference to point 8(c) and 9(d).

The question to be determined is the location of the northeast and southeast corners of the 64-acre tract. With reference to the location of the northeast corner, it is contended by appellant that the evidence indisputably shows its correct location to be at point 1(y), while appellees contend the evidence is disputed so as to permit the fixing by the jury of said corner 45.2 feet west thereof at point F.

In the field notes of the 64-acre tract prepared by Denton in 1893, in the deed from Shelton to Arnold in 1896, and in subsequent conveyances, including the assignment to appellant, the northeast corner is described as "a stone for corner from which a hickory bears S 45 W 6.2 varas and a P.O. bears south 56 W 17 varas." The deed to the 205-acre tract described the northeast corner thereof in exactly the same manner with the additional description "in the south line of a 40 acre tract originally surveyed for Salter." In this connection it should be observed that the southeast corner of said Salter tract was actually fixed at point 1.[1] Also, that not only is the description of the corners the same, but the call distance from the northeast corner (point 1 y) to the northwest corner (point 5 a) in the deeds to the 205 and 64-acre tracts is the same, that is, 906 varas, and Hackney says he found the stone called for in all three tracts at point 1(y). The northeast corner of the 330-acre tract is described exactly the same as is the northeast corner of the 205-acre tract. The field notes of the 330 and 64-acre tracts were prepared by the same surveyor and within two years of each other. These facts, we think, are sufficient to establish that the northeast corner of the 330-acre tract is a corner common to the two later subdivisions (the 205 and 64-acre tracts) carved therefrom.

It is undisputed that point 2, being the northwest corner of the 330-acre tract, was located on the ground by Hackney. Corner No. 4 is the southeast corner of both the 330 and 205-acre tracts and is located at said point by both surveyors, being witnessed by 2 persimmon trees still on the ground. Point 5(a) is agreed upon and is the common northwest corner of the 205 and 64-acre tracts. By running a line from these located corners, on the course given in the field notes of the 330-acre tract, we arrive at point 1(y) as the northeast corner of said tract. Thus point 1(y) is established as the northeast corner of each of said three tracts. The same result is had by protraction of lines along the prescribed course from the recognized corners 5(a) and 4 of the 205-acre tract. Kenedy Pasture Co. v. State (Tex.Civ. App.) 196 S.W. 287, 291, affirmed 111 Tex. 200, 231 S.W. 683; Randall v. Gill, 77 Tex. 351, 354, 14 S.W. 134; Davidson v. Killen, 68 Tex. 406, 408, 4 S.W. 561;

---

[1] See rehearing opinion p. 512.

Gregg v. Hill, 82 Tex. 405, 17 S.W. 838; Hays v. Clawson (Tex.Civ.App.) 286 S.W. 857; Bullard v. Watkins (Tex.Civ.App.) 58 S.W. 205; Louisville Property Co. v. Rose, 184 Ky. 221, 211 S.W. 743.

Point 9(d) is admitted to be correct. Then in order to establish the southeast corner of the 64-acre tract, if we are correct in having fixed the northeast corner of said tract at point 1, then by running a line from 9(d) east on the course given to its intersection with a line running south following the course given in the field notes from point 1(y), we establish point 10(x) as the true southeast corner of the 64-acre tract, which results in establishing the true east line of the 64-acre tract between points 1(y) and 10(x).

In connection with the determination of the southeast corner of the 64-acre tract, we call attention to the description in the deeds to the 64-acre tract and the description of the northeast corner of the C. C. Landers 110-acre tract adjoining it on the south. The description of the 64-acre tract from point 9(d) east being as follows: "Thence east 135 varas to a stone for corner from which a black jack bears south 22 west 4.2 varas"; this identical call is found in the description of the northeast corner of the C. C. Landers tract, which adjoins the 64-acre tract on the south. Appellee's surveyor witness had previously fixed the northeast corner of the C. C. Landers 110-acre tract at point 10(x).

The call in the field notes from the southeast corner of the 64-acre tract is to run north to its northeast corner. Under the conclusions heretofore stated, it is to run north to 1(y). If the southeast corner is at E, you could not run north to 1(y); if the call for course, that is, north, is to be given effect, the course must be taken from point 10(x). Therefore, the call for distance (being the distance between point E and 10(x) must yield to the call for course and before said line can run north to 1(y) the corner must be placed at 10(x), rather than E, and the line made to run north from 10(x) to 1(y). Phillips v. Ayres, 45 Tex. 601; 7 Tex.Jur. § 51, p. 190.

We conclude that the undisputed evidence requires the fixing of the east boundary line of the 64-acre tract as being on the line from 1(y) to 10(x), and that the court should have instructed a verdict for the appellant. 7 Tex.Jur. § 93, p. 257.

"Generally, it will not be presumed that a party granting land intends to retain a long narrow strip next to one of his lines; but if the courses and distances approximate closely to a line or corner of the tract owned by the grantor—especially if the description in the deed corresponds, exactly or substantially, with the description in the title papers under which the land is held—it will be presumed that the lines mentioned are intended to reach the corners and run with the lines of the tract, though the trees marked and described have disappeared before the making of the deed." Western Min. & Mfg. Co. v. Peytona Cannel Coal Co., 8 W.Va. 406.

The judgment of the trial court is, therefore, reversed and judgment rendered for appellant.

### On Rehearing.

Appellees complain of the following language found in the last paragraph on page 4 of the opinion [107 S.W.(2d) 511] to wit: "In this connection it should be observed that the southeast corner of said Salter tract was actually fixed at point 1." The quoted statement is withdrawn. It is immaterial.

With reference to the alternative prayer that the cause be reversed but not rendered, we call attention to the fact that appellant duly presented its motions for an instructed verdict and for judgment non obstante veredicto, one of which motions we have concluded should have been sustained. We understand that our Supreme Court has held under such situation the judgment should be reversed and rendered. Kansas City Life Ins. Co. v. Duvall (Tex. Sup.) 104 S.W.(2d) 11, 13.

The motion is overruled.