HARWELL v. SLOANE et al.

No. 9866.

Court of Civil Appeals of Texas. Austin.

May 3, 1950.

Rehearing Denied May 24, 1950.

Wilson & Wilson, San Angelo, Ralph W. Wilson, San Angelo, for appellant.

Kerr, Gayer & Sutton, San Angelo, John F. Sutton, Jr., San Antonio, for appellees.

ARCHER, Chief Justice.

This suit was filed by appellant as a suit in trespass to try title to recover a tract of land which he claimed as a part of Caudrilla Irrigation Company Survey No. 21½ in Coke County, Texas, against Sam Sloane and his unknown heirs. Citation was by publication and judgment was rendered in favor of appellant. Afterwards, appellees, who claim as heirs of Sam Sloane, filed a petition in the nature of a bill of review and asserted title to the land in question as being validly included in M. J. Dunn Survey No. 1, a junior survey to Survey 21½. This petition was answered by appellant and the case was tried before the court without a jury. Judgment was rendered for appellees, from which this appeal is brought.

The appeal is based on five points, the first four are to the effect that the M. J. Dunn Survey is junior to and in fact a part of Survey No. 21½ and lies within the field note calls of Caudrilla Irrigation Company Survey No. 21½, and that the trial court erred as a matter of law in not holding that the field note calls for adjoinder with the N. E. corner of H. E. & W. T. R. R. Co. Survey 1 were valid calls and prevailed over the variant call for distance; and that the call for distance was not superior to the call of the patent of Survey No. 21½ for adjoinder with the corner of the senior survey; and, third, that Survey No 21½ was a valid survey when it was sold, and that the subsequent act of the State Land Commissioner in recognizing the Dunn Survey in conflict with Survey 21½ could give no right to the junior holder; and, fourth, that 21½ was a survey senior to the Dunn and rightly occupied the land awarded to appellees; and, fifth, that the overwhelming weight of the evidence supported a limitation title and that judgment should have been rendered for appellant on that issue.

The first four points are presented, briefed and argued together and will be so considered by us.

The decision of this case hinges upon the proper construction of Caudrilla Irrigation Company Survey No. 21½ in Coke County, Texas.

The original field notes of Survey 21½, made by C. W. Holt May 25, 1880, had as its beginning a stone mound at S. E. corner of Survey No. 20½; thence East 804 vrs. to stake at N. E. corner of Survey No. 1, H. E. & W. T. R. R. Co.; thence north 1267 vrs. to stone mound; thence west and south to beginning place. These field notes were cancelled by corrected ones made by H. B. Tarver, November 1, 1883; the only change was that the distances north and south were changed to 1367 vrs. Survey No. 21½ was patented in 1883 upon the notes filed by Tarver.

On June 7, 1901, W. T. Savage, County Surveyor of Coke County, made field notes for the M. J. Dunn Survey No. 1 and disregarded the calls in 21½ for the N. E. corner of Survey No. 1 H. E. & W. T. R. R. Co., thereby limited 21½ to its field note distance east and west. The Dunn Survey was patented on Savage's field notes.

The senior of all surveys material to a determination of the question before this court is H. B. Martin Survey No. 13, which was an actual survey on the ground.

G. C. & S. F. R. R. Co. Survey No. 2 and H. E. & W. T. R. R. Co. Survey No. 1 were surveyed on the ground with their S. W. and S. E. corners marked on the ground. These original corners were identified by Surveyor Conklin.

The original field notes of Caudrilla 21½ were made by H. B. Tarver on November 1, 1883, and were as follows: "Beginning at stone md at the S. E. corner of Sur. 20½ made for B. B. B. & C. Ry. Co.; thence East 804 vrs. to a stake at N. E. cor. of Survey No. 1 made H. E. & W. T. R. R. Co.; thence North 1376 vrs. to stake and md.; thence West 804 vrs. to a stake & md. in E. line of B. B. B. & C. R. R. Co. for 20½; thence South 1376 vrs. to the place of beginning."

Tarver refused to certify that he made this survey, but in effect certified that it was an "office survey", as his certificate left blank anything about his having made

the survey and instead he certified that he examined the field notes and found them to be correct.

The field notes of the Dunn Survey No. 1, which were made by W. T. Savage on June 10, 1901, call for 47.4 acres of land, as follows: "Beginning at a sta. the S. E. cor. of Cuadrilla Irrig. Co. sur. No. 21½; thence N. 1376 vrs. st. md. N. E. cor. of said sur. and the N. W. cor. of this sur.; thence E. 195 vrs. sta.; thence S. 1076 vrs. pass N.W. cor. of sur. No. 2, G. C. & S. F. R. R. Co. at 1376 vrs. sta. in the W. B. line of said sur. the N. E. cor. of H. E. & W. T. R. R. Co. sur. No. 1, same being S. E. cor. of this sur.; thence W. with said survey's W. B. line 195 vrs. to the place of beginning."

Unless the call for 804 varas east carries the Caudrilla 21½ as far east as the west line of the W. L. Hunter 22½ and to the N. E. corner of H. E. & W. T. R. R. Co. No. 1, there is room for the Dunn Survey No. 1.

The Hunter 22½ was surveyed in 1880, subsequent to the survey of the G. C. & S. F. R. R. Co. No. 2 to the south of the Hunter but prior to the survey of Caudrilla 21½. The Tarver survey of 1883 of the Caudrilla was an office survey, and as such its construction is such as will disregard as few calls as possible and disregard whichever call that will result in harmonizing the field notes. Both of the surveyors who testified in this case agree that Tarver was mistaken in thinking he could get from

COKE COUNTY SKETCH

SCALE 1 IN = 300 VRS.

the S. E. corner of B. B. B. & C. R. R. Co. 20½ to the N. E. corner of H. E. & T. R. R. Co. No. 1 in 804 vrs.; Conklin testifying that the distance was 1,004.3 vrs. and Simpson that it was 961.6 vrs.

The mistake of Tarver that it was only 804 vrs. from the S. E. corner of 20½ to the N. E. corner of Survey No. 1, H. E. & W. T. R. R. Co., may have been occasioned by the fact that the field notes of the older surveys then on file would lead him to believe that it was only 804 vrs. between the two corners, since the call distances of the south line of Survey No. 1, G. C. & S. F. R. R. Co., and Surveys Nos. 1 and 2, H. E. & W. T. R. R. Co., were given as 1900 varas each. There is an excess in each of these lines aggregating 140 varas. The excess in these three surveys was apportioned among them based on corners that could be identified. These were original corners on surveys older than the northern tier running from the Waco Manufacturing Co. No. 1 and No. 2, and the B. B. B. & C. R. R. Co. 20½, which were office surveys.

7 Tex.Jur., 162, Boundaries, Sec. 34: "The above rules as to the comparative weight to be given the various classes of calls are not hard and fast, but are rules of evidence which are relative in their application, giving aid in determining which call or calls were made by mistake, and in showing the true location of a disputed line. In other words, there is no positive law fixing the effect of any call or giving one more weight or importance than another, and when calls lead to conflicting results, preference should be given to those which most probably indicate the intention of the grantor, as expressed in the grant, read in the light of surrounding circumstances, even though they are of inferior rank."

Boon v. Hunter, 62 Tex. 582:

"When the line or corner of another survey is called for in field notes made without an actual survey, such line or corner, if evidently called for by mistake, may be disregarded, when to observe them would be inconsistent with all the other calls which upon the ground are found, inconsistent with the course and distance called for,

and with the manifest intention of the parties to be arrived at by a consideration of all the calls in the grant and the facts which surrounded the parties and to which they looked at the time the grant was made.

*       *       *       *       *       *

"This done, the other lines of that survey can be accurately determined by course and distance called for, disregarding the call for the McCullough survey, as we feel authorized to do, it clearly appearing that the call for that survey was caused by a mistake arising from the inaccuracy of the map then in use, if it be true that the survey is situated as now claimed by the appellee."

If the call for "at N. E. corner of Survey No. 1, made for H. E. & W. T. R. R. Co.," is disregarded, all other calls are consistent and may be harmonized in the Dunn Survey.

In the case of Cregg v. Hill, 82 Tex. 405, 17 S.W. 838, 839, no actual survey had been made of the Moore Survey, and the second call was "south 3,254 varas, to the south-west corner of the 'S. P. R. R. survey No. 95'" the testimony showing that the corner called for could not be reached by such call. The court held: "*   *   *   It is proper, therefore, to ignore the call for the south-west corner of the survey No. 95. This survey was evidently called for through mistake. The north line of the Moore survey being established and identified, the remaining lines should be established by course and distance, though this may involve a disregard for another survey called for through mistake. Boon v. Hunter, 62 Tex. 582; Duff v. Moore, 68 Tex. 270, 4 S.W. 530; Gerald v. Freeman, 68 Tex. 201, 4 S.W. 256; Freeman v. Mahoney, 57 Tex. [621], 626. The surveyor, Taylor, applied this rule in ascertaining the quantity of land actually embraced in the contract of sale by appellee to appellant."

In State v. Sullivan, 127 Tex. 525, 92 S.W.2d 228, 233 (Com.App. Sec. B. 1935), the opinion having been adopted by the Supreme Court, the court held that since the surveyor who did not actually lay out the lines on the ground, "through mistake

or by conjecture called for the adjoinder, the call for adjoinder does not control over course and distance, even though the line or corner called for was marked", and stated: "The proposition announces a correct rule of boundary law applicable in the absence of evidence proving that the call for adjoinder was made in mistaken belief as to the location of the adjoinder, but where the facts conclusively show that the surveyor through mistake or by conjecture called for the adjoinder, the call for adjoinder does not control over course and distance, even though the line or corner called for was marked. In such situation the call for adjoinder will be rejected, as inserted by mistake, and controlling effect given to course and distance from known and undisputed corners, when under the facts of the particular case such construction of the survey is 'most consistent with the intention to be derived from the entire description.' This method of construction by the rejection of a call for adjoinder inserted by mistake is most consistent with the true intention if its effect is to harmonize the other terms of the field notes and to disregard as few of the calls as possible. See Wilson v. Giraud, 111 Tex. 253, 264, 231 S.W. 1074, 1078; Porter v. State, Tex.Civ.App., 15 S.W.2d 191, 193; Finberg v. Gilbert, 104 Tex. 539, 547, 141 S.W. 82; Gerald v. Freeman, 68 Tex. 201, 204, 4 S.W. 256; State v. Talkington, Tex.Civ.App., 274 S.W. 314; Cox v. Finks, Tex.Civ.App., 41 S.W. 95, 99; Gilbert v. Finberg, Tex.Civ.App., 156 S.W. 507; Lafferty v. Stevenson, Tex.Civ.App., 135 S.W. 216; Lomax v. Rowe, Tex.Civ.App., 3 S.W.2d 498."

■ We conclude that the call for an adjoinder with Survey No. 1 H. E. & W. T. R. R. Co. was a mistake, and that the call for course and distance prevails, and that there was sufficient evidence to support the location of all boundaries as given in the judgment and that the judgment is final; that all issues on any theory must be deemed to have been found in support of the judgment, since no finding of fact or conclusion of law was made or requested.

In Humble Oil & Refining Co. v. State, Tex.Civ.App., Austin, 1936, 104 S.W.2d 174, Wr.Er.Ref., a call for joinder was rejected, and calls for distance were given effect where the calls for joinder were obviously mistaken. This case is similar to the instant case.

In Blake v. Pure Oil Co., 128 Tex. 536, 100 S.W.2d 1009 (Com.App., Sec. B. 1937), a call for adjoinder made by mistake or conjecture is rejected.

In Whittenburg v. Jameson, Tex.Civ.App., Amarillo 1940, 143 S.W.2d 668, 673, the court held that: "A call for adjoinder, such as McLean made for the east line of Section 57, ordinarily controls over a call for course and distance, but when it is shown that the adjoinder call was the result of a mistaken belief as to the existence of the adjoinder, the call for course and distance then takes precedence and is controlling." Davis v. Tate, Tex.Civ.App., 101 S.W.2d 1069, Wr.Er.Ref.; Aransas Pass Colonization Co. v. Flippen, Tex.Civ.App., 29 S.W. 813.

The case of Phillips Petroleum Company v. State, Tex.Civ.App., 63 S.W.2d 737, is prior to the Humble Oil and Refining Company v. State, Tex.Civ.App., 104 S.W.2d 174. In the Phillips case the mistake was thought to be in the distance call rather than in calling for adjoinder. The surveyor called for the south line of Section 61 and thence west 50 vrs. to southeast corner of Survey 62; thence following the south line of Block 46, etc., showing a definite purpose to tie to the river sections.

In the survey of the Caudrilla the call is for stake at N. E. corner of H. E. & W. T. R. R. Co. No. 1, but does not call for any other adjoinder on the east. We do not believe that there is a conflict in the holding of the two cases hereinabove cited, and this court did not think so in its decision in the Humble case.

We overrule the first four assignments, and in the argument before us the appellant stated that he had abandoned the fifth or limitation assignment, thereby rendering unnecessary a determination of this issue.

The judgment of the trial court is affirmed.

Affirmed.